FILED

2009 Jul-31  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSALIND HOLLOMAN, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No. 2:09-CV-01336-RDP |
| | } | |
| REGIONS BANK, et al., | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand (Doc. # 4), filed July 8, 2009. The motion has been fully briefed (Docs. # 1, 5, and 10), and is now properly under submission for decision.

## I.      Procedural History

Plaintiff is the beneficiary of a trust established by her late-husband.  On May 29, 2009, Plaintiff filed a Complaint in the Circuit Court of Jefferson County, Alabama.  She asserts claims that Defendants misrepresented the risk associated with their funds, and failed to manage the Trust in accordance with the guidelines set forth by the terms of the Will establishing the Trust.  Plaintiff has chosen to assert exclusively state law claims regarding these events.  The Complaint contains the following claims: (1) Breach of Fiduciary Duty; (2) Negligence; (3) Wantonness; (4) Breach of Contract; (5) Fraud; (6) Reckless Misrepresentation; (7) Negligent Misrepresentation; (8) Suppression; (9) Deceit; (10) Violation of Alabama Securities Act Provisions; (11) Conspiracy; (12) Aiding and Abetting by Morgan Asset Management; (13) Violation of Duty of Loyalty under Ala.

Code. § 19-3B-802; (14)  Violation of Duty of Loyalty under Ala. Code. § 19-3B-802; and (15)

Removal of Trustee Pursuant to Ala. Code. § 19-3B-1001 and § 10-3B-706.  (Doc. # 1, Ex. 4).

With regard to the nature of Plaintiff's claims, the Complaint states:

> There are absolutely no federal causes of action set forth in this Complaint, and it is not the intention or design of the Plaintiff to assert (directly, indirectly or by accident or interference) any cause of action based upon or invoking the protection or use of any federal law, or to seek any remedy pursuant to federal law.

(Doc. # 1, Ex. 4 at ¶ 37). The Complaint further contains a "Statement Applicable to All Counts of

Complaint" as follows:

> Plaintiff does not assert, nor does she attempt or intend to assert, directly or indirectly, explicitly or implicitly, any claim for recovery or relief under any federal statute or federal law or regulatory provision affording any civil remedy or right of recovery.  Plaintiff alleges that the law of the State of Alabama, relied upon in and for each of the Counts of this Complaint, provides all the avenues needed by Plaintiff for ample and complete relief for the Plaintiff. Without limiting the generality of the foregoing, Plaintiff does not assert, nor does she attempt or intend to assert, directly or indirectly, explicitly or implicitly, any claim for recovery or relief under any federal law governing offer, sale, purchase, issuance, investment or handling of any securities, nor any federal law governing mutual funds or investment funds nor any federal law governing investment advisers or banks or brokers and dealers.
>
> Furthermore, Plaintiff disclaims any claim or intention to claim relief, including "derivative" relief, in the right or on behalf of any corporate defendant or ay other corporation of entity affiliated with her or any other shareholders of any such entity. Any allegation in this Complaint relating to operations or internal affairs of the RMK Funds is not intended to make or support derivative claims but, instead, is alleged to exemplify the non-disclosure of material risks of the trust's investments.
>
> Plaintiff requests that this Complaint be construed to effectuate the foregoing statements.
>
> Finally, Plaintiff opts out of, and disclaims any right, option or election to share in any proceeds of or any recovery in, any suits, actions, class actions, or multi-district litigation proceeds brought by persons other than the Plaintiff which are now pending or hereafter pending in any federal court.

(Doc. # 1, Ex. 4 at pp. 27-28).

2

Despite Plaintiff's clearly stated intention to disclaim any and all federal claims, on July 2, 2009, Defendants removed this action under 28 U.S.C. §§ 1441 because, they argue, Plaintiff "has pled claims that arise under federal law." (Doc. # 1 at 1). Defendants argue that "this Court can exercise federal question jurisdiction because embedded in Plaintiff's claims are substantial issues of federal securities law." (Doc. # 1 at ¶ 9).

On July 8, 2009, Plaintiff moved to remand this case back to state court. (Doc. # 4). Plaintiff asserts that there are no federal questions presented on the face of her Complaint. Further, she asserts that she is free to choose to prosecute her claims under state laws, that these claims can be resolved without reference to federal securities laws and regulations, and that federal securities laws do not preempt her state law causes of action. She further points out that whether Defendants choose to defend their claims by arguing they complied with federal securities laws is insufficient to establish federal question jurisdiction.

## II.    Legal Analysis

It is axiomatic that this court has limited jurisdiction and is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. ... All doubts must be resolved in favor of a remand to state court." *Alabama State University v. Baker & Taylor, Inc.*, 998 F.Supp. 1313, 1315 (M.D. Ala. 1998) (internal citations omitted); *see also Univ. of S. Ala.*, 168 F.3d at 411. "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is

the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of South Alabama*, 168 F.3d at 410.

Defendants argue that this court should allow this case to be consolidated with multidistrict litigation in the United States District Court for the Western District of Tennessee and allow that court to resolve the motion to remand. However, "no party has a right to remain in federal court when subject matter jurisdiction is plainly lacking... ." *Betts v. Eli Lilly and Co.*, 435 F.Supp.2d 1180, 1184 (S.D. Ala. 2006) (denying defendant's motion to stay and declining to defer ruling on plaintiff's motion to remand). One of our sister districts, under similar circumstances, has taken the approach that the court "'should first give preliminary scrutiny to the merits of the motion to remand' and ..., 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.'" *Betts*, 435 F.Supp.2d at 1182 (quoting *Moton v. Bayer Corp.*, 2005 WL 1653731 at *2 (S.D. Ala. 2005) (quoting *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D.Wis.2001))). In fact, this was the approach taken by this court in a recent similar case involving the same Defendants and their same counsel, *Rice v. Regions Bank, et al.*, Case No. 09cv624.

In support of their removal of this action, Defendants assert that Plaintiff has asserted claims that are based upon events virtually identical to those giving rise to the claims in the Tennessee MDL. They further assert that Plaintiff's allegations of suppression and misrepresentation depend on terms "undisputably defined by and utilized by Federal law to regulate mutual funds." (Doc. # 1 at 3.)

4

Although the allegations giving rise to Plaintiff's state law claims may also give rise to federal claims, Plaintiff, as the master of her complaint, may decide which claims she will pursue, and which claims otherwise available to her that she will not pursue.  For example, in the employment litigation context, a plaintiff subjected to sexual harassment in the workplace may have claims that establish a violation federal anti-discrimination laws, particularly Title VII.  However, that same plaintiff may chose to pursue solely state law claims such as assault, battery, and invasion of privacy.  Just because the facts, if proven, would also establish a violation of Title VII, does not entitle a defendant to remove that case on those grounds if the plaintiff did not assert the Title VII claim.

An analysis of the Complaint in this case reveals that, although the factual allegations made by Plaintiff may also establish violations of federal law, Plaintiff's claims do not arise under, or even necessarily implicate, federal law.  Interpretation of federal securities laws is not necessary for Plaintiff to establish her claims.  Plaintiff's claims are not based upon alleged violations of federal standards or regulations.  Those claims of Plaintiff that Defendants argue give rise to federal removal jurisdiction are based upon alleged suppressions of fact and misrepresentations made by Defendants. However, without question, to the extent Plaintiff will be able to show that Defendants suppressed facts and/or misrepresented the condition of their funds, she can do that without implicating federal laws or regulations. Furthermore, whether Defendants complied with the instructions provided by the trust and given by Plaintiff is not an issue that turns on federal law or regulations.

"[To meet their burden [of showing that removal was proper], the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th

Cir. 2008).  In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545

U.S. 308, 312 (2005), the Supreme Court "fashioned the following test to evaluate the existence of

federal question jurisdiction where no federal claims are stated: "[D]oes a state-law claim necessarily

raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibilities

[?]"  *Adventure Outdoors, Inc.*, 552 F.3d at 1295 (quoting *Grable & Sons Metal Products, Inc.*, 545

U.S. at 312).  Here, on their face, Plaintiff's claims do not raise a federal issue.  That is, Plaintiff will

first have to show that Defendants violated Alabama's fraud and breach-of-fiduciary statutes.

Plaintiff need not prove violations of federal securities laws or regulations in order to prevail on the

claims she has asserted in this case.

Defendants insist that certain terms used by Plaintiff in her Complaint are terms defined by

federal securities laws and that, therefore, Plaintiff has raised federal claims.  Defendants argue that

because the terms "value," 'illiquidity," and "diversification" are "federal terms of art related to

federally regulated mutual funds," their mere mention in Plaintiff's claims "necessarily raises

substantial and disputed questions of federal law."  (Doc. # 10 at pp. 12-13).  The court disagrees.

Each of these terms has meaning separate and apart from federal laws, regulations and standards.

Moreover, Plaintiff's claim that Defendants misrepresented a security's "value" can certainly be

evaluated without reference to federal law.  The term "illiquid" is also not dependent on an

interpretation of federal securities law.  Merriam-Webster's on-line dictionary defines "illiquid" as

"not being readily convertible into cash" or "deficient in liquid assets."  Further, "diversification"

is not a term used exclusively in relation to federally regulated mutual funds.  Thus, while

Defendants may choose to ***defend*** against Plaintiff's suppression and misrepresentation claims on

the basis that they complied with the usual federal definitions of these terms, Plaintiff is not required to use (or present argument based on) these terms of art in order to establish her claims.[1]

The court finds the decision in *Pearson v. Regions Bank*, Slip Copy, 2009 WL 1328083 (M.D. Ala. 2009) to be persuasive.  As in *Pearson,* Defendants in this case, too, "have provided the court with only generalizations about the application of federal laws and regulations to them and the accounts at issue. They have not shown specifically how these federal laws and regulations are 'an element and an essential one'" to Plaintiff's stated claims.  *Pearson*, 2009 WL 1328083 at * 3 (quoting  *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936)).  As in *Pearson, "*if [Plaintiff fails] to prove the elements of [her] state-law claims, then the defendants' alleged federal issues are moot."  *Pearson*, 2009 WL 1328083 at * 3 (citing *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 13 (1983)).

This is not a case like that contemplated in *Grable & Sons Metal Prods. Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), wherein the Supreme Court recognized that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal

---

[1] Similarly, Defendants argue that paragraph 62 of the Complaint, which alleges that Defendants suppressed the fact that "portions of the RMK Funds were comprised of assets that were essentially worthless," also supports federal question jurisdiction.  Defendants argue that the duty to value the Funds and to reflect the value of those funds on a daily basis arises from federal regulations -- 17 CFR §§ 270.2a-4 and 270.22c-1.  (*See* Doc. #10 at p. 15)("In order to succeed on this claim, Plaintiff must show that Defendants failed to value the Funds as required under these regulations -- including whether "market quotations were readily available," "whether estimates were necessary or appropriate," and whether "fair value [was] determined in good faith."  *See* 17 CFR § 270.2a-4.  Outside of these regulations defining valuation of fund assets for purposes of federally regulated mutual funds, Plaintiff cannot demonstrate that Defendants failed to meet their duty in disclosing the valuation of their federally regulated assets.").  Again, Defendants' argument ignores a simple point: Plaintiff need not resort to the Code of Federal Regulations in order to establish something is "worthless."

forum offers on federal issues." *Id*. at 312 (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)). That is, this is not a situation in which Plaintiff's state law claims turn on substantial questions of federal law. Therefore, the assertion of those claims does not justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

Defendants have not met their burden of showing that ***Plaintiff's claims*** "really and substantially" involve questions of federal law. *See Shulthis v. McDougal*, 225 U.S. 561, 569 (1912). Whether Plaintiffs can establish the claims stated in their Complaint can judged without reference to federal law.

## III.  Conclusion

Resolving all doubts in favor of remand, as it is obliged to do, the court concludes that it lacks subject matter jurisdiction over this action.[2] This case is due to be remanded to the Circuit Court of Jefferson County, Alabama. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this _____30th_____ day of July, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] To be clear, the court is cognizant that Defendants have requested that this case be given tag-along status and transferred to the Western District of Tennessee for inclusion in MDL No. 2009, that the Panel has issued a Conditional Transfer Order, and that other judges in other cases have stayed consideration of motions to remand in the interests of judicial consistency, economy and uniformity. None of those facts or events cause the court to hesitate in any way in remanding this case. The court is confident that, applying the law of this Circuit to the motion to remand, there is only one correct outcome here – remand to the state court. While there may be other cases wherein the complaints actually raise substantial questions of federal law, that is not the situation here.